IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


JOHNNY LEE JENKINS                                                              PLAINTIFF

            v.                           Civil No. 05-5133

TERRY JONES, Prosecuting
Attorney; and MICHAEL HODSON,
Public Defender                                                                DEFENDANTS


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Johnny Lee Jenkins, brings this pro se civil rights action pursuant to 42 U.S.C.

§ 1983. The complaint was filed in forma pauperis (IFP) subject to a later determination of

whether it should be served upon the defendants.

### I.  Background

According to the allegations of the complaint, in June of 2002 Jenkins agreed to a plea

bargain with the Washington County Prosecuting Attorney's Office.  At the time, Jenkins was

represented by Michael Hodson, a public defender.

Jenkins contends the terms of the plea agreement called for him to be sentenced to a

period of fifteen months at a Regional Punishment Facility (RPF).  According to Jenkins, when

you are assigned to a RPF you serve one half of your time at the facility and the remainder of

your time on parole.

Jenkins states he was sentenced on June 4, 2002, to fifteen months by Judge William

Storey.  Jenkins contends he should have been released on September 2, 2003, his flat date but

was not released until October 9, 2003.  Jenkins maintains he was held an extra thirty-seven days

-1-

AO72A
(Rev. 8/82)

and was on parole another fourteen months and twenty-eight days because his attorney, Hodson,

changed the paper work to thirty months without his knowledge.

## II. Discussion

This case is subject to dismissal. First, the complaint as against Terry Jones is subject

to dismissal. The prosecuting attorney is immune from suit. The United States Supreme Court,

in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976),

established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C.

§ 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427.

This immunity extends to all acts that are "intimately associated with the judicial phase of the

criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113

S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a

criminal prosecution is entitled to absolute immunity while a prosecutor acting in an

investigatory or administrative capacity is only entitled to qualified immunity). Based on the

allegations of the complaint, it is clear the defendant prosecuting attorney is entitled to absolute

immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County

prosecutors were entitled to absolute immunity from suit).

To the extent Jenkins' complaint seeks injunctive relief, we find the claim not cognizable.

While the Supreme Court has not held that this immunity insulates prosecutors from declaratory

or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984),

a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will

recur. Jenkins can make no such showing here. Further, injunctive relief is not appropriate

**AO72A**
**(Rev. 8/82)**

where an adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22. *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

Second, Michael Hodson is not subject to suit under § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). Hodson was not acting under color of state law while representing Jenkins in his criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (public defender does not act under color of state law when performing traditional functions as counsel).

Third, it appears the event Jenkins complains about, the altering of his judgment occurred in June of 2002, more than three years before the filing of this complaint on July 27, 2005, and any claims stemming from that event would be barred by the applicable statute of limitations. A three year statute of limitations applies. *See Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995)(*Bivens* action, like § 1983 is governed by state's statute of limitations for personal-injury actions); *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir.1992) (personal injury action in Arkansas governed by three-year statute of limitations). Thus, to the extent Jenkins challenges violations of his constitutional rights that occurred more than three years prior to the filing of the complaint, those claims are barred.

### III. Conclusion

Accordingly, I recommend that this case be dismissed on the grounds Jenkin's claims are frivolous, fail to state claims, and seek relief against defendants who are immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).

-3-

AO72A
(Rev. 8/82)

**Jenkins has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Jenkins is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of September 2005.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

**AO72A
(Rev. 8/82)**